USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug. 18, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MALIBU MEDIA, LLC,                  :
                                    :
                  Plaintiff,        :
                                    :          No. 15 Civ. 4743 (JFK)
     -against-                      :
                                    :          **OPINION & ORDER**
JOHN DOE,                           :
                                    :
                  Defendant.        :
------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Plaintiff Malibu Media, LLC's

("Malibu") motion to serve a third-party subpoena on Defendant

John Doe's internet service provider ("ISP"), Time Warner Cable

("Time Warner"), in order to discover Defendant's true identity.

For the reasons explained below, the motion is granted.[1]

However, following the example set by other courts in this

district, and upon Plaintiff's consent, the subpoena shall be

subject to a protective order.[2]

     Ordinarily, a party may not initiate discovery before the

Rule 26(f) conference. See Fed. R. Civ. P. 26(d)(1).  A court

may, however, order expedited discovery upon a showing of good

cause and reasonableness. See Digital Sin, Inc. v. Does 1-27,

---

[1] This order is entered contemporaneously with a nearly identical
order in another case. See Malibu Media, LLC v. Doe, No. 15 Civ.
4381.

[2] The Court's protective order is modeled after one entered by
Judge Richard J. Sullivan in a similar case. See Malibu Media,
LLC, v. Doe, No. 15 Civ. 1862, ECF No. 12 (S.D.N.Y. Apr. 6,
2015).

No. 12 Civ. 3873, 2012 WL 2036035, at *3 (S.D.N.Y. June 6, 2012); Stern v. Cosby, 246 F.R.D. 453, 457 (S.D.N.Y. 2007).

This is well-worn territory for Malibu and similar plaintiffs alleging copyright infringement of erotic movies by John Doe defendants. See Malibu Media, LLC v. Does 1-5, No. 12 Civ. 2950, 2012 WL 2001968, at *1 (S.D.N.Y. June 1, 2012); Next Phase Distribution, Inc. v. John Does 1-27, 284 F.R.D. 165, 171 (S.D.N.Y. 2012); Malibu Media, LLC v. Does 1-4, No. 12 Civ. 2955, 2012 WL 3104887, at *2 (S.D.N.Y. July 31, 2012); Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239, 241–42 (S.D.N.Y. 2012); see also Malibu Media, LLC v. Doe No. 4, No. 12 Civ. 2950, 2012 WL 5987854, at *2-4 (S.D.N.Y. Nov. 30, 2012) (denying motion to quash).  As these other courts have concluded in analogous situations,[3] Plaintiff has satisfied the "flexible standard of reasonableness and good cause," and therefore will be allowed to subpoena Time Warner. See, e.g., Malibu Media, 2012 WL 3104887, at *2.  Plaintiff has no other means of learning Defendant's name and address, and the ISP is "statutorily prohibited from providing this information to Malibu Media absent a court order." Id.; see also 47 U.S.C. § 551(c).  Therefore, Plaintiff's motion to subpoena Time Warner is granted.

---

[3] Courts have not been uniform in granting such motions. See Malibu Media, LLC v. Doe, No. 15 Civ. 4369, 2015 WL 4092417, at *4-6 (S.D.N.Y. July 6, 2015); Malibu Media, LLC v. Doe, No. 15 Civ. 1883, 2015 WL 3651566, at *2-4 (S.D.N.Y. June 5, 2015).

Normally, the Court would stop there.  But courts in this
district have expressed concern, implicitly acknowledged by
Plaintiff, that disclosure of a defendant's name or other
identifying information in cases involving infringement of adult
films could lead to abusive litigation through coercion.
See,e.g., Malibu Media, LLC v. John Does 1-5, 285 F.R.D. 273,
278 (S.D.N.Y. 2012) ("[T]here is a fear that regardless of a
defendant's actual culpability, he may feel compelled to settle
the lawsuit confidentially in order to avoid the embarrassment
of being named as a defendant in a case about the alleged
illegal trading of a pornographic film." (internal quotation
marks omitted)).  This Court, at this stage of the litigation,
is not in a position to know whether or not Plaintiff has or
will engage in coercion. See Malibu Media, LLC v. Doe, No. 15
Civ. 1834, 2015 WL 4403407, at *(S.D.N.Y. July 20, 2015) ("It
would be unfair to assume that Malibu would employ abusive
litigation tactics without any evidence.").  It notes, however,
that it is well aware of the potential for abuse in these types
of cases.[4]  Boiled down, the essence of such litigation abuse is

---

[4] Indeed, some courts have noted a series of quick, low-value
settlements suggestive of a shake down. See, e.g., Malibu Media,
2015 WL 4092417, at *2-3. While the Court takes this concern
seriously, there are any number of reasons free from coercion
that a defendant may choose to settle, including culpability.
The protective order helps remove coercion from a defendant's
calculation.

a plaintiff's pressuring of a defendant to settle by threatening
to disclose his or her identity and thus forever linking the
defendant with the pornographic films at issue.  Courts' concern
comes from a defendant potentially settling only so that his or
her name is not associated with pornographic movies, whether or
not the plaintiff could prove infringement.  Consider a
hypothetical defendant innocent of infringement.  He faces a
dilemma:  settle a spurious claim to avoid guilt by association
or litigate and suffer embarrassment.

Courts, aware of this potential for unfairness, have
fashioned appropriate protective orders to preserve Plaintiff's
and Defendant's right to litigate (or settle) the claims free
from coercion.  See, e.g., Malibu Media, 2012 WL 3104887, at *3;
see also Malibu Media, LLC v. Doe, No. 15 Civ. 1862, 2015 WL
4271825, at *2–3 (S.D.N.Y. July 14, 2015) (granting motion to
proceed anonymously).  To Plaintiff's credit, it has
acknowledged the potential for abuse and states that its policy
is to allow defendants to proceed anonymously and would consent
to a protective order.[5] (Mem. 6–7.)

The Court finds that this approach strikes the right
balance.  It allows Plaintiff the opportunity to protect its

_____

[5] If Plaintiff is serious about this litigation strategy, it
should consider including language for a protective order in the
draft orders it routinely submits to courts, particularly since
courts in this district have routinely entered such orders.

alleged copyright, and gives Defendant the chance to challenge Plaintiff on the merits (or to settle) without the fear of being linked to pornographic movies, particularly when there is the very real possibility of a false association. See Patrick Collins, Inc. v. Does 1-4, No. 12 Civ. 2962, 2012 WL 2130557, at * (S.D.N.Y. June 12, 2012) ("Indeed, the true infringer could just as easily be a third party who had access to the internet connection, such as a son or daughter, houseguest, neighbor, or customer of a business offering an internet connection.  There is a real risk that defendants might be falsely identified and forced to defend themselves against unwarranted allegations.") Therefore, the court also issues a protective order.

Plaintiff may only subpoena Time Warner to obtain Plaintiff's name and address.  Plaintiff may only use Defendant's name and address, if obtained from Time Warner, for the purposes of this litigation.  Plaintiff is therefore ORDERED to not disclose Defendant's name, address, telephone number, email, social media username, or any other identifying information, other than Defendant's ISP number, that Plaintiff may subsequently learn.  Plaintiff shall not threaten to disclose any of Defendant's identifying information.  Defendant will be permitted to litigate this case anonymously unless and until this Court orders otherwise and only after Defendant has had an opportunity to challenge the disclosure.  Therefore,

Plaintiff is ORDERED not to publicly file any of Defendant's identifying information and to file all documents containing Defendant's identifying information under seal.  With that in mind,

IT IS FURTHER ORDERED Plaintiff may immediately serve a Rule 45 subpoena on third party Time Warner to obtain information to identify the Defendant's name and current and permanent address. Plaintiff is expressly not permitted to subpoena the ISP for the Defendant's email addresses or telephone numbers.

IT IS FURTHER ORDERED THAT Plaintiff shall serve a copy of this Order along with the subpoena.

IT IS FURTHER ORDERED THAT Time Warner will have 60 days from the date of service of the Rule 45 subpoena upon it to serve Defendant John Doe with a copy of the subpoena and a copy of this Order.  The ISP may serve Defendant John Doe using any reasonable means, including written notice sent to his or her last known address, transmitted either by first class mail or via overnight service.

IT IS FURTHER ORDERED THAT Defendant John Doe shall have 60 days from the date of service of the Rule 45 subpoena and this Order upon him or her to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena

anonymously.  The ISP may not turn over the identifying information of Defendant John Doe to Plaintiff before the expiration of this 60-day period.  Additionally, if the Defendant or ISP files a motion to quash or modify the subpoena, or a request to litigate the subpoena anonymously, the ISP may not turn over any information to Plaintiff until the issues have been addressed and the Court issues an order instructing the ISP to resume turning over the requested discovery.

IT IS FURTHER ORDERED THAT third party Time Warner shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

IT IS FURTHER ORDERED THAT third party Time Warner shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. If Time Warner receives a subpoena and elects to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff.

IT IS FURTHER ORDERED THAT any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its complaint.

**SO ORDERED.**
Dated:     New York, New York
           August 18, 2015

John F. Keenan
John F. Keenan
United States District Judge